ZENO B. BAUCUS
BRYAN T. DAKE
Assistant U.S. Attorneys
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone:   (406) 657-6101
FAX:     (406) 657-6989
E-mail:  Zeno.Baucus@usdoj.gov
         Bryan.Dake@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 23-05-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | UNITED STATES' SENTENCING MEMORANDUM |
| DANE RALPH JAMES CURRY, | |
| Defendant. | |

The United States of America, by and through Zeno B. Baucus and Bryan T. Dake, Assistant U.S. Attorneys for the District of Montana, provides the Court with its sentencing memorandum in aid of sentencing the defendant.

1

# INTRODUCTION

Curry, age 40, was initially charged with a host of child pornography-related offenses in January 2023.  PSR ¶ 1.  In August 2023 he entered a plea of guilty to the Superseding Information, charging Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  PSR ¶ 5.  The Presentencing Investigation Report ("PSR") has calculated a criminal history category II and an advisory guideline range of 27 to 33 months.  PSR ¶ 73.  While the United States has no objections to the PSR, Curry has lodged several factual objections.

# THE OFFENSE

In October 2021 an investigation of Curry was initiated after law enforcement received reports that he had produced child pornography.  PSR ¶ 12.  Curry's girlfriend at the time indicated she and Curry had provided sexually explicit images to someone on the internet named "euro guy" that individual, according to Curry, wanted additional pictures of her and Curry and that "euro guy" would leak those pictures provide him with money.  PSR ¶ 15.  As such, and as disclosed by Jane Doe, Curry arranged to take sexually explicit pictures of her and provided her alcohol for this purpose.  PSR ¶ 18.  This conduct led to a search warrant of an account associated with Curry and discovered on that account was child pornography.  PSR ¶¶ 21-26.

**Sentencing Analysis and Recommendation:**

Section 3553(a) of Title 18 of the United States Code contains prefatory language —"The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Those purposes include the need for the sentence to:

- reflect the seriousness of the offense;
- promote respect for the law;
- provide just punishment for the offense;
- afford adequate deterrence to criminal conduct;
- protect the public from further crimes of the defendant; and,
- provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In addition, subsection (1) of § 3553(a) requires the court to consider the nature and circumstances of the offense and the history and characteristics of the defendant; subsection (3) requires the court to consider the kinds of sentences available; subsections (4), (5), and (6) require the Court to consider the sentencing guidelines and policy statements, and to avoid unwarranted sentencing disparity; and subsection (7) requires the Court to provide restitution to victims. Certain of these factors are particularly relevant in determining the defendant's sentence. It

3

is important to note, however, that the Guidelines are the "starting point," and only one factor for a court to consider in drafting an appropriate sentence. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). "The Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable." *United States v. Gall*, 552 U.S. 38, 50 (2007). However, the instant offenses of conviction are notable with respect to the guidelines. 18 U.S.C. § 3553(b)(2)(A) provides that a sentencing court "shall impose a sentence of the kind, and within the range…" as contemplated by the guidelines unless the court finds aggravating or mitigating factors that are not taken into account by the guidelines. The United States contends that no "mitigating factors" are present here. Indeed, the PSR has determined that Curry's range is between 27 and 33 months in custody. PSR ¶ 73. Based on the seriousness of the offense and the nature and circumstances of the defendant, the United States requests that the Court impose a sentence of 33 months with lifetime supervised release.

    The Supreme Court has long recognized that the prevention of sexual exploitation and abuse of children is an "objective of surpassing importance." *New York v. Ferber*, 458 U.S. 747, 756 (1982). "The legislative judgment as well as the judgment found in the relevant literature is that the use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental

health of the child." *Ferber*, 458 U.S. at 758.  The defendant's continued possession (and receipt) of child pornography creates long-lasting harm:

> [T]he materials produced by child pornographers permanently record the victim's abuse.  The pornography's continued existence causes the child victims continuing harm by haunting the children in the years to come.  The . . . ban on possession and viewing encourages the possessors of these materials to destroy them.  Second, encouraging the destruction of these materials is also desirable because evidence suggests that pedophiles use child pornography to seduce other children into sexual activity.

*Osborne v. Ohio*, 495 U.S. 103, 111 (1990) (citations omitted).  A sexually abused child who has been photographed must go through life knowing that these images are circulating within the mass distribution system for child pornography.  *Ferber*, 458 U.S. at 758 n.9 & 760 n.10 (discussing harms to children caused by child pornography, including violation of their privacy interests).[1]  Not surprisingly, courts have upheld significant sentences involving defendants convicted of charges related to the simple possession or transportation child pornography.  *United States v. Sundsmo*, 540 Fed. Appx. 757 (9th Cir. 2013) (188-month sentence for

---

[1] Indeed, consumers of child pornography such as the defendant also create a market and demand for the production of these images and videos, which depict the sexual abuse and exploitation of real children.  These consumers therefore contribute to the cycle of abuse and are in part responsible for the harm suffered by children used to produce the images and videos in their collections.  *See United States v. Goff,* 501 F.3d 250, 259-260 (3d Cir. 2007) ("Children are exploited, molested, and raped for the prurient pleasure of [defendant] and others who support suppliers of child pornography").

5

possession of child pornography for individual with previous qualifying sex offense); *United States v. Nam Ngoc Nguyen*, 503 F. App'x. 506 (9th Cir. 2012) (121 months for possession of child pornography); *United States v. Halbert*, 471 F. App'x. 665 (9th Cir. 2012) (120 months for possession of child pornography); *United States v. Soule*, 2007 WL 2962373 (10th Cir. 2007) (sentence above the mandatory statutory minimum of 120 months for second conviction for possession of child pornography affirmed);*United States v. Burgess*, 576 F.3d 1078 (10th Cir. 2008) (Imposition of 180-month sentence for defendant's offense of knowing transportation of child pornography across state lines was not substantively unreasonable); *Untied States v. Lychock*, 578 F.3d 214, 218 (3rd Cir. 2009) (overturning sentence because trial court did not consider seriousness of child pornography offense). Here, Curry's offense was serious. In addition to seeking a minor to produce sexually explicit content, PSR ¶ 18, he maintained a social media account that contained child pornography. And while his collection of this contraband is not the most severe to come before the Court its impact is no less no less powerful on the victims. One only must review the victim impact statement contained in the PSR to get a sense of Curry's conduct. *See* PSR ¶ 27 (Jane Doe writes that "it's still hard to process what pain [she] feels" because of Curry's actions.).

And Curry also presents as an atypical child pornography offender given his

criminal past. While he has not yet collected a sex-offense conviction, the criminal conduct that he has historically engaged in is concerning. Following a PFMA in 2019 during which he assaulted his own father, PSR ¶ 44, Curry convicted of Resisting Arrest and Endangering the Welfare of a Child, both misdemeanors, after he left his young son alone and was defiant when law enforcement responded. PSR ¶ 45. He later secured a DUI when, six months later, he was stopped by Fallon Cunty law enforcement. PSR ¶ 46. This relatively recent conduct – assaulting his father, neglecting his own child, and driving while intoxicated – underscore the danger to the community that Curry presents considering that he engaged in the instant conduct in short proximity to when he obtained his criminal convictions. As such, a guideline range sentence here for the possession of child pornography would be more than appropriate. [2]

Curry engaged in abhorrent conduct. He solicited images of someone he knew was a minor and, critically, possessed child pornography at the same time.

---

[2] Ninth Circuit upholding a guideline sentence in a child pornography case. *United States v. Frantz*, 485 F. App'x 890 (9th Cir. 2012); *United States v. Grigsby*, 469 F. App'x 589 (9th Cir. 2012); *United States v. Shigley*, 451 F. App'x 705 (9th Cir. 2011); *United States v. Maier*, 639 F.3d 927 (9th Cir. 2011); *United States v. Aguirre*, 448 F. App'x 670 (9th Cir. 2011); *United States v. Alfaro*, 446 F. App'x 840 (9th Cir. 2011); *United States v. Psick*, 434 F. App?x 646 (9th Cir. 2011); *United States v. Aglony*, 421 F. App'x 756 (9th Cir. 2011); *United States v. Anthony*, 421 F. App'x 674 (9th Cir. 2011); *United States v. Richards*, 414 F. App'x 911 (9th Cir. 2011); *United States v. Carlson*, 395 F. App'x 413 (9th Cir. 2010); *United States v. Blinkinsop*, 606 F.3d 1110 (9th Cir. 2010);

Therefore, based on the information contained in the PSR, the Untied States recommends a sentence of 33 months.

DATED this 1st day of December, 2023.

                                JESSE A. LASLOVICH
                                United States Attorney

                                */s/ Zeno B. Baucus*
                                ZENO B. BAUCUS
                                BRYAN T. DAKE
                                Assistant U.S. Attorneys